PLANKINTON BUILDING COMPANY, Appellant, vs. LAIKIN'S, INC., Respondent.

*October 12—November 9, 1937.*

*Louis R. Potter* of Milwaukee, for the appellant.

*George J. Laikin* of Milwaukee, for the respondent.

FRITZ, J.    As respondent states in its brief, the sole issue presented by this appeal is: May a plaintiff, after he serves his complaint, but before the defendant answers, examine the defendant adversely under sec. 326.12, Stats., and does the statutory provision, "if the examination is taken after the complaint is served, but before issue is joined, it may extend to all the allegations of the complaint," refer only to an examination of the plaintiff by the defendant, or does it likewise apply to an examination of the defendant on behalf of the plaintiff.    Sec. 326.12, Stats. (so far as here material), provides:

"The adverse examination of a party, . . . or his or its assignor, officer, agent or employee, or of the person who was such officer, agent or employee at the time of the occurrence made the subject of the examination, may be taken by deposition at the instance of any adverse party upon oral or written interrogatories in any civil action or proceeding at any time before final determination thereof. . . . Each of said persons may be so examined once and no more, except when examined before issue joined, in which case he may be again examined after issue joined, upon all the issues. If the examination is taken after the complaint is served, but before issue is joined, it may extend to all the allegations of the complaint."

Under the express terms of those provisions there is given alike to any and all adverse parties to an action the right to take an adverse examination of a party or his or its assignor, officer, agent, or employee "at any time before final determination thereof," "before issue joined," as well as "after

issue joined;" and, "If the examination is taken after the complaint is served, but before issue is joined," to have it "extend to all the allegations of the complaint." There is nothing in that last sentence which expressly or by implication confines the exercise of that right "after the complaint is served, but before issue is joined" solely to defendants. In order to hold, as the defendant contends should be done, that those unambiguous terms in that sentence are applicable only to an examination by a defendant, it would be necessary to narrow the expressed meaning thereof by considering inserted in that sentence, by mere implication, the words "by a defendant," as though it read, "If the examination is taken *by a defendant* after the complaint is served," etc. That implication would be unwarranted in respect to a remedial statute, which should be liberally construed. Likewise, there is nothing in that sentence or elsewhere in the statute because of which the service of a complaint should be deemed to operate as a waiver of the right of a plaintiff to take an adverse examination at that stage of the litigation.

Defendant further contends that such examination by the plaintiff should not be permitted at that stage for the reason that no useful purpose would be served thereby until after a defendant answered, because if he fails to answer or raise an issue then it is unnecessary to examine him. Those conclusions do not necessarily follow. Statements in an answer drawn by defendant's counsel may not be equivalent in their nature and effect, as far as a plaintiff's rights are concerned, to oral answers given by the employees, officers, or assignor of a defendant, or the defendant himself, on an adverse examination by the plaintiff before the defendant has served his answer. Moreover, a plaintiff cannot foresee that a defendant will default or raise no issue; and frequently that does not occur. Meanwhile, the employees, officers, or the assignor of a defendant may not continue subject to the service of a subpœna, or there may be a change because of

which by the time of a later examination their testimony may be colored to conform to allegations in an answer, or written evidence may be lost or suppressed. On the other hand, such an examination may at times serve a useful purpose by disclosures or developments during the course thereof which result in the clarification or abandonment of issues intended to be raised in an answer.

Defendant also contends that an adverse examination on five days' notice deprives it of the twenty days allowed by statute to answer the complaint. The requirements that a defendant answer the complaint in twenty days, and that he shall testify on an adverse examination, if given five days' notice, are imposed by separate statutes, and the rights thereby vested in a plaintiff exist independently of each other. Neither is but an equivalent of or a substitute for the other. Generally, compliance in one respect within the periods prescribed will not interfere with compliance in the other. If that should occur, the defendant's remedy is an extension of the time to serve his answer, and not the suppression of the adverse examination. As there is no showing of any such interference, or of any other factual basis for denying plaintiff's right to examine the defendant's officers or employees "after the complaint is served, but before issue is joined," the order under review must be reversed.

*By the Court.*—Order reversed, and cause remanded with directions to enter an order denying the motion to limit or suppress the adverse examination.